# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>Pablo Camacho Candelario & Jennifer Rodriguez Cruz,<br>*Debtors*. | **Case No.** 17-02357 MCF |
| Pablo Camacho Candelario & Jennifer Rodriguez Cruz<br>*Plaintiffs*<br>v.<br>Gloria L. Carrillo Sánchez, et al.<br>*Defendants*. | **Adv. Proc. No.** 19-00029-MCF<br><br>Willful Violation of Automatic Stay & Discharge Injunction & Damages |

## ANSWER TO COMPLAINT

**TO THE HONORABLE COURT**:

COME NOW co-defendant, Gloria L. Carrillo Sánchez, through their undersigned attorney and respectfully ALLEGE, STATE AND PRAY:

### JURISDICTION & VENUE OF THIS COURT

The allegations in the first, second, and third paragraphs of the Complaint are conclusions of law that does not require a responsive pleading. If one is required, then it is admitted.

### PARTIES

1. The allegations in paragraph 1 of the Complaint are admitted.

2. The allegations in paragraphs 2, 3, and 4 of the Complaint are denied as drafted. Gloria L. Carrillo Sánchez did not intentionally violate the Automatic Stay Provisions of the Bankruptcy Code, and Plaintiffs did not suffer mental anguish. On the contrary, the Plaintiffs kept their house and did not pay the sale price as agreed.

3. The allegations in paragraph 5 of the Complaint are admitted.

## FACTS & ALLEGATIONS

4. The allegations in paragraph 6 of the Complaint are admitted.

5. The allegations in paragraph 7 of the Complaint are denied as drafted, the Bankruptcy Petition (Case # 17-02357) was filed on April 3, 2017.

6. The allegations in paragraph 8 of the Complaint are admitted.

7. The allegations in paragraphs 9, 10, 11, 12, 14, 15, and 16 of the Complaint are denied as drafted. Gloria L. Carrillo Sánchez did not receive any of the notices[1] mentioned in the Complaint. Gloria L. Carrillo Sánchez's legal counsel and co-defendant, Liliana Morell-Bergantiños, was in fact notified Plaintiffs bankruptcy proceedings.

8. The allegations in paragraph 17 of the Complaint are denied as drafted, the notice of bankruptcy was filed in the local case (Case # FBCI 2015-1973) on April 25, 2017.

9. The allegations in paragraph 18 of the Complaint are admitted in part and denied in part. On March 21, 2017[2], Gloria L. Carrillo Sánchez had filed a motion for summary judgment which was Plaintiffs did not oppose[3] and conceded that they breach the contract. A hearing to discuss the summary judgment was held, we currently don't have a transcript of arguments made during the hearing thus we cannot admit or deny them for lack of information. Nonetheless non-bankruptcy forums in both the state and federal systems have jurisdiction to at least initially determine whether pending litigation is stayed, See Mid-City Parking, Inc., 332 B.R. 798, 803 (N.D. Ill. 2005). Gloria L. Carrillo Sánchez's legal counsel and co-defendant, Liliana Morell-Bergantiños, had the legal opinion that Plaintiffs-Debtors were not the title holders of the real property in question

---

[1] Upon further review, the address being to notify Gloria L. Carrillo Sánchez was incorrect.
[2] Before Plaintiffs' filing for bankruptcy petition in April, 2017.

since they failed to comply with the payment condition which she understood had to be met in order to gain ownership.

10. The allegations in paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 of the Complaint are denied as drafted. Gloria L. Carrillo Sánchez <u>did not receive any of the notices</u> mentioned in the Complaint. Gloria L. Carrillo Sánchez's legal counsel and co-defendant, Liliana Morell-Bergantiños, did in fact received the written letter and emails. Gloria L. Carrillo Sánchez's legal counsel and co-defendant, Liliana Morell-Bergantiños, had the legal opinion that Plaintiffs-Debtors were not the title holders of the real property in question since they failed to comply with the payment condition which she understood had to be met in order to gain ownership. Another possible legal theory held by co-defendant, Liliana Morell-Bergantiños, that since the Plaintiffs-Debtors have claimed[4] the real property in question as exempt, it terminated its status as property of the estate and no longer precluded creditor action against the property. See <u>Millsaps v. United States</u> (In re Millsaps), 133 B.R. 547, 551-552 (Bankr. M.D. Fl. 1991).

## CIVIL CONTEMPT & 11 U.S.C. § 362 VIOLATION

11. The allegations in paragraph 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42 of the Complaint are conclusions of law that does not require a responsive pleading. If one is required, then it is denied. It is further alleged that no eviction action actually took place.

## CIVIL CONTEMPT & 11 U.S.C. § 524 VIOLATION

12. The allegations in paragraph 43 of the Complaint are denied.

13. The allegations in paragraph 44 of the Complaint are admitted.

---

[3] Except for the remedies requested.
[4] See case 17-02357-MCF7, Docket No. 1, page 18.

14. The allegations in paragraph 45 of the Complaint are denied, no maintenance fee of a property is being requested or subject to litigation.

15. The allegations in paragraphs 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59 and 60 of the Complaint are denied as drafted. Gloria L. Carrillo Sánchez <u>did not receive any of the notices</u> mentioned in the Complaint.

## AFFIRMATIVE DEFENSES

1. In the case of <u>Lodge v. Kondaur Capital Corp.</u>, 750 F.3d 1263 (11th Cir. 2014)The Court held that to recover emotional distress damages, "a plaintiff must (1) suffer significant emotional distress, (2) clearly establish the significant emotional distress and (3) demonstrate a causal connection between that significant emotional distress and the violation of the automatic stay.

2. Plaintiffs failed to mitigate and/or minimize the damages alleged in the Complaint.

3. The damages claimed by plaintiff have been grossly exaggerated and in no way, represent the effective damages that plaintiffs may have suffered, if any.

4. Defendants are not joint tortfeasors.

5. Defendant herein reserves the right to present any special defenses that may result from the use of the discovery.

6. There is no causal relation or efficient cause between the appearing defendant's alleged acts the damages claimed by plaintiffs.

7. Plaintiff failed to mitigate damages.

8. Any averment that is not expressly admitted, together with any claim for relief, shall be deemed denied.

9. The appearing defendant reserve its right to add any other affirmative defense that may arise in the future as a result of the discovery conducted or the investigation performed.

**WHEREFORE**, the appearing co-defendant, Gloria L. Carrillo Sánchez, prays of the Honorable Court that it dismisses the Complaint.

**CERTIFICATE OF SERVICE: I HEREBY CERTIFY** that on this same day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will end automatically notifications of such filing to all attorneys of record.

In Ponce, Puerto Rico, this 29th of November, 2019.

*s/Elias L. Fernandez-Perez*
Elías L. Fernández Pérez
USDC No. 227404
PO Box 7500
Ponce, PR 00732
Tel. (939) 250-0179
Cel. (787) 616-9374
Fax: (800) 325-7084
Email: eliaslaureano@gmail.com